IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDWARD GRIMSLEY,

    Plaintiff,

v.

AMERICAN SHOWA, INC.,

    Defendant.

:
:
:
:
:

Case No. 3:17-cv-24

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT AMERICAN SHOWA, INC.'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DOC. #3); PLAINTIFF MAY SEEK LEAVE TO FILE AN AMENDED COMPLAINT WITHIN FOURTEEN DAYS AS TO COUNT III

---

Plaintiff Edward Grimsley, a Caucasian, homosexual male in a committed relationship with an African-American male, filed suit against his former employer, American Showa, Inc. ("Defendant"), alleging: (1) retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3; (2) retaliation in violation of Ohio Revised Code § 4112.02(I); and (3) sex discrimination in violation of Title VII, 42 U.S.C. § 2000e-2. This matter is currently before the Court on Defendant's Motion to Dismiss Under Civil Rule 12(b)(6). Doc. #3. For the reasons set forth below, that motion is sustained in part and overruled in part.

## I. Background and Procedural History

Defendant is a manufacturer of shock absorber and power steering systems. Doc. #1, PageID#2. In late 2014, Plaintiff, who self-identifies as a Caucasian, homosexual male, began working as a training associate at Defendant's Blanchester, Ohio, plant through a temporary agency. *Id.* Thereafter, he applied for a full-time job. On his application, he stated that he had graduated from Sinclair Community College. This was false; he had attended classes, but did not graduate. In any event, the job description that he was given did not require a college degree, or even an associate's degree. *Id.* On or about February 2, 2015, Plaintiff was hired as a Senior Training Specialist. In September of 2015, he received an excellent performance review. *Id.* at PageID##2-3.

Plaintiff alleges that, early in 2015, he began experiencing harassment and a hostile work environment after a coworker learned that Plaintiff was homosexual and that his partner was an African-American male. *Id.* at PageID #3. This same coworker allegedly made disparaging comments about Plaintiff's sexuality and his partner to at least three management officials in the company. *Id.* Another coworker allegedly stopped speaking to him after learning that Plaintiff was homosexual. *Id.* Although Plaintiff complained to Defendant that this coworker had "outed" him, had made disparaging comments, and had created a hostile work environment, she was not disciplined. *Id.*

That fall, after Plaintiff was transferred to a new department, his new female supervisor took away Plaintiff's management authority over a male subordinate

2

employee, stating that she did not think that Plaintiff could be objective. *Id.* Plaintiff believed this comment was directed at his sexual orientation. *Id.* When he questioned her about the change in supervisory authority, she was hostile and became angry. *Id.* Plaintiff again complained to management and asked to be returned to his previous department. Approximately one week later, on November 25, 2015, Plaintiff was discharged. *Id.* at PageID #4. Defendant maintains that Plaintiff was terminated for falsifying his job application. *Id.*

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter on November 3, 2016. On January 31, 2017, Plaintiff filed the instant suit, alleging three causes of action. Plaintiff asserts claims of: (1) retaliation in violation of Title VII; (2) retaliation in violation of Ohio Revised Code § 4112.02(I); and (3) sex discrimination in violation of Title VII. Plaintiff seeks injunctive relief, money damages, attorney fees and costs.

Defendants have filed a Motion to Dismiss under Civil Rule 12(b)(6), arguing that Grimsley has failed to state a claim upon which relief can be granted. Doc. #3. That motion is now fully briefed and ripe for decision.

## II.    12(b)(6) Standard of Review

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the

3

. . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not

4

unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id.* at 679.

III. Analysis

As noted above, Plaintiff has asserted claims of retaliation in violation of Title VII and Ohio Revised Code § 4112.02(I), and a claim of sex discrimination in violation of Title VII. The Court turns first to Plaintiff's claim of sex discrimination.

A. Title VII Sex Discrimination Claim (Count III)

Count III of Plaintiff's Complaint asserts a claim of sex discrimination under Title VII. Title VII prohibits an employer from discharging any individual or otherwise discriminating against any individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The plaintiff must show that race, color, religion, sex, or national origin was a "motivating factor" in the adverse employment action. 42 U.S.C. § 2000e-2(m).

Plaintiff alleges that Defendant discriminated against him "on account of his sexual orientation/gender identity by terminating his employment because of his sexual orientation and treating him less favorably than non-homosexual coworkers including, but not limited to, allowing Plaintiff to be subjected to harassment."

5

Doc. #1, PageID#5. Defendant argues that these factual allegations fail to state a claim upon which relief may be granted.

Title VII protects individuals from harassment for failure to conform to traditional sex stereotypes. In *Smith v. City of Salem*, 378 F.3d 566 (6th Cir. 2004), the Sixth Circuit held that "[s]ex stereotyping based on a person's gender non-conforming behavior is impermissible discrimination." *Id.* at 575 (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 250-251 (1989)). For example, an employer who discriminates against a woman because she does not wear dresses or makeup is engaging in sex discrimination because "the discrimination would not occur but for the victim's sex." *Id.* at 574. Likewise, an employer who discriminates against a man for displaying feminine mannerisms or behavior is also engaging in sex discrimination. *Id.*

In *Smith*, the plaintiff self-identified as a transsexual and was diagnosed with Gender Identity Disorder. *Id.* at 567-68. He alleged that his failure to conform to his employers' and co-workers' sex stereotypes concerning how a man should look and behave was the driving force behind their discriminatory actions. *Id.* The Sixth Circuit held that he had stated a viable claim of sex discrimination under Title VII. *Id.* at 575. Likewise, in *Barnes v. City of Cincinnati*, 401 F.3d 729, 737 (6th Cir. 2005), the Sixth Circuit held that the district court properly denied motions for judgment as a matter of law where the transsexual plaintiff showed that he was discriminated against for failing to conform to sex stereotypes.

Although the Sixth Circuit has recognized the validity of a Title VII sex discrimination claim based upon sex-stereotyping and gender non-conformance, the Court has held that discrimination based on sexual orientation *alone* is not actionable under Title VII. *See Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 763 (6th Cir. 2006); *Gilbert v. Country Music Ass'n, Inc.*, 432 Fed. Appx. 516, 519-20 (6th Cir. 2011).

In *Vickers*, the plaintiff did not allege that his appearance or mannerisms on the job were perceived as gender non-conforming. *Vickers*, 453 F.3d at 763. Rather, he alleged that his harassers discriminated against him because his homosexual practices, whether real or perceived, did not conform to the traditionally masculine role. *Id*. The Sixth Circuit affirmed the district court's order dismissing this claim. The court noted that the plaintiff in *Price Waterhouse* was discriminated against based upon gender-non-conforming characteristics readily demonstrable in the workplace, such as her mannerisms, work attire and hairstyle. *Id*. at 763. In contrast, "the harassment of which Vickers complains is more properly viewed as harassment based on Vickers' perceived homosexuality, rather than based on gender non-conformity." *Id.* Because "sexual orientation is not a prohibited basis for discriminatory acts under Title VII," the court concluded that Vickers had failed to state a claim upon which relief can be granted. *Id*. at 762, 766.

Likewise, in *Gilbert*, the Sixth Circuit held that, because the plaintiff's allegations involved "discrimination based on sexual orientation, nothing more," the

7

district court had properly dismissed his Title VII sex discrimination claim. 432 Fed. Appx. at 520. The court noted that the plaintiff:

> does not make a single allegation that anyone discriminated against him based on his "appearance or mannerisms" or for his "gender non-conformity." *Vickers*, 453 F.3d at 763. For all we know, Gilbert fits every male "stereotype" save one—sexual orientation—and that does not suffice to obtain relief under Title VII."

*Id. See also Milot v. Maxx*, No. 1:14-cv-00759, 2015 U.S. Dist. LEXIS 21436, at *8 (S.D. Ohio Feb. 23, 2015) ("In accordance with Sixth Circuit law, plaintiff's claim for discrimination based on her sexual orientation is not actionable under Title VII.").

Defendant argues that, like the plaintiffs in *Vickers* and *Gilbert*, Plaintiff's allegations involve nothing more than discrimination based on sexual orientation. Plaintiff has not alleged that he was discriminated against because he failed to conform to traditional gender stereotypes with respect to observable mannerisms, lack of masculine appearance, or behavior. According to Defendant, Plaintiff therefore has failed to state a claim of sex discrimination under Title VII.

Plaintiff maintains, however, that heterosexuality is the most central of gender norms, based on the presumption that he should be attracted to women, not men. According to Plaintiff, because sexual orientation is inherently a "sex-based consideration," an allegation of discrimination based on sexual orientation is an allegation of sex discrimination under Title VII. This view has been adopted by the EEOC and, recently, by the Seventh Circuit Court of Appeals. *See, e.g., Baldwin v. Foxx*, E.E.O.C. Doc. No. 0120133080, 2015 WL 4397641, at *5 (July

15, 2015) ("an allegation of discrimination based on sexual orientation is necessarily an allegation of sex discrimination under Title VII" and "is premised on sex-based preferences, assumptions, expectations, stereotypes, or norms"); *Hively v. Ivy Tech Cmty. Coll. of Ind.*, 853 F.3d 339, 341 (7th Cir. 2017) (holding that "discrimination on the basis of sexual orientation is a form of sex discrimination"). *See also Philpott v. New York*, —F. Supp. 3d —, 2017 WL 1750398, at *2 (S.D.N.Y. May 3, 2017) (holding that a claim of sexual orientation discrimination is cognizable under Title VII). None of this authority is binding in the Sixth Circuit, however.

Earlier this year, the Sixth Circuit acknowledged that there may be a sea change underway in this area of the law. *See Tumminello v. Father Ryan High Sch., Inc.*, 678 Fed. Appx. 281, 285 n.1 (6th Cir. 2017). The court also acknowledged that it is difficult to discern "the line between discrimination based on gender-non-conforming characteristics that supports a sex-stereotyping claim and discrimination based on sexual orientation." *Id.* at 285. Nevertheless, the court pointed out that one panel of the court cannot overrule the decision of another panel. *Vickers* remains controlling law until overruled by the Sixth Circuit sitting *en banc*, or until the United States Supreme Court issues a contrary ruling. *Id.*

Under *Vickers*, a plaintiff must allege that he "did not conform to traditional gender stereotypes in any observable way at work." 453 F.3d at 764. In *Vickers*, the court noted that recognizing a claim of failure to conform to gender norms in

9

sexual *practices* "would have the effect of *de facto* amending Title VII to encompass sexual orientation as a prohibited basis for discrimination." *Id.* As Defendant notes, this is a step that Congress has not yet seen fit to take.

Plaintiff's Complaint is devoid of any allegations that he was discriminated against because he failed to conform to traditional gender stereotypes in an *observable* way. He simply alleges that he was discriminated against because he is a homosexual. Under current Sixth Circuit law, Plaintiff has failed to state a plausible claim for sex discrimination under Title VII. Accordingly, the Court SUSTAINS Defendant's Motion to Dismiss Plaintiff's claim of Title VII sex discrimination (Count III).

### B. Retaliation Pursuant to Title VII and O.R.C. § 4112 (Counts I and II)

Count I of the Complaint asserts a claim of retaliation under Title VII; Count II asserts a claim of retaliation under Ohio Revised Code § 4112.02(I). The anti-retaliation provision of Title VII protects employees from retaliation for opposing an employer's "unlawful employment practices" such as sex discrimination or harassment. 42 U.S.C. § 2000e-3(a). Likewise, Ohio law prohibits employers from discriminating against any other person "because that person has opposed any unlawful discriminatory practice defined in this section." Ohio Rev. Code § 4112.02(I).

"[F]ederal case law interpreting Title VII of the Civil Rights Act of 1964 . . . is generally applicable to cases involving alleged violations of R.C. Chapter 4112." *Little Forest Med. Ctr. v. Ohio Civil Rights Comm'n*, 61 Ohio St. 3d 607, 609-610,

10

575 N.E.2d 1164, 1167 (1991). Accordingly, this Court will analyze Plaintiff's federal and state retaliation claims together.

In the absence of direct evidence, a plaintiff may establish a *prima facie* case of retaliation by showing that: (1) he engaged in an activity protected by Title VII; (2) the defendant knew he engaged in this protected activity; (3) thereafter, the defendant took an employment action adverse to him; and (4) there was a causal connection between the protected activity and the adverse employment action. The burden then shifts to the defendant to articulate a legitimate, non-retaliatory reason for the adverse action. Thereafter, the plaintiff must prove that the proffered reason was a pretext for retaliation. *See Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 510-11 (6th Cir. 2016) (discussing burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–803 (1973)).

In Counts I and II, Plaintiff alleges that he "engaged in protected activity by complaining to Defendant about harassment and discrimination based upon sex/sexual orientation and the race of his partner," and that "Defendant terminated Plaintiff's employment because he engaged in protected activity." Doc. #1, PageID#4. For the reasons set forth below, Defendant's motion to dismiss Counts I and II is SUSTAINED IN PART and OVERRULED IN PART.

### 1. Retaliation for Complaining about Harassment and Discrimination Based upon Sex/Sexual Orientation

Defendant argues that, to the extent that Plaintiff alleges that he was terminated after complaining of harassment and discrimination based on his sexual orientation, Plaintiff has failed to state a claim because the conduct he complained of was not an "unlawful employment practice." *See Gilbert*, 432 Fed. Appx. at 520 (holding that plaintiff's retaliation claims must fail because the conduct he opposed was not unlawful).[1] The Court agrees that dismissal of this portion of the retaliation claim is warranted on this basis.

### 2. Retaliation for Complaining about Harassment and Discrimination Based upon Race of Partner

Plaintiff has also alleged, however, that he was terminated after complaining to Defendant about harassment and discrimination based upon the race of his partner. Plaintiff is Caucasian; his partner is African-American. A claim of retaliation based on an employee's association with a person of another race is cognizable under Title VII. *See Holcomb v. Iona College*, 521 F.3d 130, 139 (2d Cir. 2008) ("where an employee is subjected to adverse action because an employer disapproves of interracial association, the employee suffers discrimination because of the employee's *own* race"); *Tetro v. Elliott Popham Pontiac,*

---

[1] Plaintiff notes that, in *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1312-13 (6th Cir. 1989), the Sixth Circuit held that "[a] person opposing an apparently discriminatory practice does not bear the entire risk that it is in fact lawful; he or she must only have a good faith belief that the practice is unlawful." Plaintiff, however, does nothing to develop this argument, and does not argue that he, in fact, had a good faith belief that discrimination and harassment based solely on sexual orientation violates Title VII.

12

*Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 994-95 (6th Cir.1999) (holding Title VII applicable to allegation that white employee suffered discrimination because his daughter was biracial).

In its Motion to Dismiss, Defendant did not specifically move to dismiss this portion of the claim.[2] It did broadly argue, however, that Plaintiff's admission that he falsely stated on his employment application that he was a college graduate defeats any claim of retaliation.

Defendant maintains that, because falsification of information on a job application is "undoubtedly a legitimate basis for termination[,] . . . Plaintiff cannot plausibly state that his termination was causally related to his report of discrimination and/or harassment, or that the basis offered by Defendant was pretextual." Doc. #3, PageID##15-16. The Court disagrees.

Plaintiff has alleged all facts needed to establish a *prima facie* case of retaliation. He alleges that he engaged in an activity protected by Title VII by complaining to management about harassment and discrimination based upon the race of his partner.[3] Since the complaints were internal, Defendant is charged with knowledge that Plaintiff engaged in this protected activity. Thereafter, Defendant terminated him.

---

[2] Defendant's motion states that this claim will be addressed in a later section of the motion, but it is not. Doc. #3, PageID#11 n.1. Defendant's reply brief indicates that Defendant "anticipates filing a motion for judgment on the pleadings" with respect to the race association claim. Doc. #12, PageID#62 n.3.

[3] Complaints made to superiors are a protected activity under Title VII. *Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 469 (6th Cir. 2012).

13

The fact that Plaintiff was terminated approximately one week after he complained is sufficient to establish a plausible causal connection between the protected activity and his termination. *See Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008) ("Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation.").

True, Plaintiff's admitted falsification of his employment application could help Defendant satisfy its burden of producing a legitimate, non-retaliatory reason for Plaintiff's termination. However, that admitted falsification does not necessarily foreclose a finding of pretext.

As explained in *Gray v. Toshiba America Consumer Products, Inc.*, 263 F.3d 595 (6th Cir. 2001), pretext may be proven in one of three ways. The plaintiff may show that: (1) the proffered reason has "no basis in fact"; (2) the proffered reason "did not actually motivate the discharge"; or (3) the proffered reason was "insufficient to motivate the discharge." *Id.* at 600 (quoting *Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994)).

Given Plaintiff's admission that he falsified the application, the first option is not available. However, the factual allegations in the Complaint give rise to an inference that the falsification did not actually motivate the discharge. Plaintiff alleges that shortly after he complained about harassment the first time, he was transferred to another department, and just six days after he complained the

14

second time, Defendant launched an investigation and terminated his employment. In addition, because Plaintiff has alleged that a college degree was not required for his position at the time he was hired, it could also be argued that his false statement was insufficient to motivate the discharge.

In sum, to the extent that Plaintiff alleges that he was retaliated against for his complaints of discriminatory and harassing treatment based on the race of his partner, Plaintiff has asserted a plausible retaliation claim under federal and state law. The Court therefore overrules this portion of Defendant's motion to dismiss Counts I and II.

IV. Conclusion

For the reasons set forth above, Defendant American Showa Inc.'s, Motion to Dismiss Plaintiff's Complaint, Doc. #3, is SUSTAINED IN PART and OVERRULED IN PART. Those portions of Counts I and II alleging that Plaintiff was retaliated against after complaining of discrimination and harassment based on the race of his partner remain viable.

However, Count III, alleging discrimination on the basis of sexual orientation, fails to state a claim upon which relief can be granted. Likewise, those portions of Counts I and II alleging that Plaintiff was retaliated against after complaining of discrimination and harassment based on *his* sexual orientation fail to state a claim upon which relief can be granted. Accordingly, these portions of the Complaint are DISMISSED.

15

Nevertheless, the Court gives Plaintiff 14 days from the date of this Decision and Entry to seek leave to file an Amended Complaint, if he can do so within the bounds of Fed. R. Civ. P. 11, alleging that he was discriminated against because he did not conform to traditional gender stereotypes, based on observable mannerisms, lack of masculine appearance, or behavior, and that he was retaliated against for complaining of discrimination and harassment based on said failure to conform.

Date: August 21, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE